# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN LOPEZ, | ) | CIVIL ACTION NO. 3:14-257 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**I. Introduction**

This case arises from personal injuries suffered by Plaintiff Jonathan Lopez when he was hit by Defendant CSX Transportation's train. Presently before the Court in this matter are two discovery motions: (1) Plaintiff's motion (ECF No. 15) to compel disclosure of the LocoCam data disk, and (2) Defendant's motion (ECF No. 18) for a protective order regarding depositions of CSX Transportation employees. For the reasons explained below, the Court will **GRANT in part and DENY in part** Plaintiff's motion to compel and will **GRANT** Defendant's motion for a protective order.

**II. Jurisdiction and Venue**

The Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Venue is proper under 28 U.S.C. § 1391.

**III. Background**

This case involves Plaintiff's claim against Defendant for negligence resulting in personal injuries. According to the complaint, on January 18, 2013, Plaintiff was walking

on the sidewalk adjacent to Ferndale Avenue in Cambria County. (ECF No. 1-2, Compl. ¶ 11). At approximately 1:00 p.m., a CSX Transportation freight train struck Plaintiff. (*Id.* ¶ 13). As a result, Plaintiff suffered severe personal injuries. (*Id.* ¶¶ 13-14). Plaintiff initiated this action by filing a complaint in the Court of Common Pleas of Cambria County on November 3, 2014, alleging a single claim for negligence against Defendant. (ECF No. 1-2). On November 26, 2014, Defendant removed the matter to this Court. (ECF No. 1). Defendant then filed an answer denying liability. (ECF No. 4).

This Court held an initial Rule 16 scheduling conference on February 3, 2015, (*see* ECF No. 10), and entered an initial scheduling order (ECF No. 11), after which the parties commenced discovery. On March 10, 2015, Plaintiff filed a motion to compel disclosure of the LocoCam data disk (ECF No. 15), along with a brief (ECF No. 16) and exhibits in support of the motion. Defendant filed a response (ECF No. 17) to the motion on March 13, 2015. Then, on April 14, 2015, Defendant filed a motion for a protective order regarding depositions of CSX Transportation employees. Plaintiff filed a response in opposition (ECF No. 19), along with exhibits on April 20, 2015. The motions have been fully briefed and are now ripe for disposition. The Court will separately address each motion below.

**IV.  Applicable Law**

As will be explained in more detail below, both of the pending motions involve the parties' dispute over protective orders. The Court will briefly set forth the legal principles governing the entry of protective orders in discovery matters.

Rule 26(b)(1) of the Federal Rules of Civil Procedure[1] establishes the contours of discovery, providing that "[p]arties may obtain discovery of any matter, not privileged, that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). The rule further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Thus, it is well-settled that Rule 26 establishes a liberal discovery policy. *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Hickman v. Taylor*, 329 U.S. 495, 507–08 (1947).

Nevertheless, this Court is empowered to issue an order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense," if there is good cause to issue such an order. Fed. R. Civ. P. 26(c)[2]; *see also E.E.O.C. v. Grane Healthcare Co.*, No. 3:10-cv-250, 2013 WL 1102880, at *2 (W.D. Pa. Mar. 15, 2013). The party seeking the protective order bears the burden of showing that it is particularly necessary to obviate a

---

[1] Rule 26(b) of the Federal Rules of Civil Procedure explains the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

[2] Rule 26(c) provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

significant harm. *See Trans Pacific Ins. Co. v. Trans–Pacific Ins. Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991); *Pansy v. Borough of Stroudsburg*, 23 F. 3d 772 (3d Cir. 1994). "[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Grp., Inc.*, 785 F. 2d 1108, 1121 (3d Cir. 1986); *Masciantonio v. United States*, No. 3:14-MC-35, 2014 WL 7213199, at *3 n.6 (W.D. Pa. Dec. 17, 2014). "'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury." *Glenmede Trust Co. v. Thompson*, 56 F. 3d 476, 483 (3d Cir. 1995).

The Third Circuit has identified "several factors, which are neither mandatory nor exhaustive, that may be considered in evaluating whether 'good cause' exists:"

1. whether disclosure will violate any privacy interests;

2. whether the information is being sought for a legitimate purpose or for an improper purpose;

3. whether disclosure of the information will cause a party embarrassment;

4. whether confidentiality is being sought over information important to public health and safety;

5. whether the sharing of information among litigants will promote fairness and efficiency;

6. whether a party benefitting from the order of confidentiality is a public entity or official; and

7. whether the case involves issues important to the public.

*Glenmede Trust Co.*, 56 F. 3d at 483 (citing *Pansy*, 23 F. 3d at 787–91). Further, the Court must balance the private interests at issue against any public interests, based upon the

4

specific circumstances of the case. *Id.*; *see also Miller v. Allstate Fire & Cas. Ins. Co.*, No. 3:07-cv-260, 2009 WL 700142, at *3 (W.D. Pa. Mar. 17, 2009). With these legal principles in mind, the Court will evaluate the parties' respective motions.

V.   **Discussion**

   A.   **Plaintiff's Motion to Compel**

Plaintiff has filed a motion (ECF No. 15) to compel discovery. Specifically, Plaintiff seeks to compel the production of "the data, video, documents, and information generated at and created by the 'LocoCam' system on board the locomotive in question." (ECF No. 15 at 1). The LocoCam data recording system "captures video of incidents that occur on or near a railroad right-of-way and records the train's movement along the tracks, including visual images, speed, horn, direction, bell and emergency brake application." (ECF No. 17 at 2). According to Plaintiff, Defendant provided Rule 26 disclosures identifying relevant video and data recorded by a LocoCam system that was installed on the locomotive involved in the accident. (ECF No. 15 ¶ 5). Plaintiff asserts that the LocoCam data disk is relevant to the claims at issue in this case and that the video is therefore subject to discovery. (*Id.* ¶ 9).

Initially, Defendant agreed to provide Plaintiff with a copy of the LocoCam data disk, if Plaintiff acquired the requisite GE licensed software to view the video and data, accept the GE software license restrictions, and agree to a protective order. (*Id.* ¶ 11; *see also* ECF No. 17-1 at 4). Defendant acquired the GE licensed software, agreeing to the GE software license restrictions. (ECF No. 15 ¶ 11). However, Plaintiff contends that

5

Defendant has refused to provide a copy of the LocoCam data disk, asserting a right of confidentiality. (*Id.* ¶ 6). The parties have exchanged proposed confidentiality agreements (*compare* ECF No. 15-2, *with* ECF No. 15-3), but the parties have been unable to reach an agreement regarding an order of protection or stipulation of confidentiality. Plaintiff contends that Defendant's claim for confidentiality is too broad, as Defendant is essentially seeking a blanket protective order. Plaintiff now asks this Court to enter an order directing Defendant to provide Plaintiff with an unrestricted copy of the LocoCam data disk. (ECF No. 15 ¶ 13).

In response, Defendant asserts that it is willing to produce the LocoCam data disk, if Plaintiff agrees to the following conditions:

1. Plaintiff and Plaintiff's counsel will return the data disk to CSX Transportation at the conclusion of this litigation;

2. Plaintiff and Plaintiff's counsel will not use this data disk for any purpose outside this litigation; and

3. Plaintiff and Plaintiff's counsel will enter into an appropriate protective order. In order to view the information obtained in the LocoCAM data disk, Plaintiff must obtain the proprietary LocoCAM playback software directly from GE . . .

(ECF No. 17 at 3; ECF No. 17-1 at 4). Defendant contends that Plaintiff has refused to enter a protective order, rejecting Defendant's proposed protective order, which was "prepared specifically regarding the LocoCam data." (ECF No. 17 at 3). According to Defendant, Plaintiff's proposed "generalized" confidentiality order does not "adequately address the specialized concerns regarding the LocoCam data." (*Id.*). Defendant is concerned that the data from the LocoCam will be used for improper purposes outside of the instant litigation. Defendant argues, "Plaintiff's counsel has indicated an intent and

desire to share the data with other counsel and perhaps others not involved in this litigation." (*Id.*). In its brief, Defendant makes clear that it has no objection to providing Plaintiff with the LocoCam data disk, but only seeks to restrict access to the data disk for the sole purpose of litigating the instant case. (*Id.* at 6-7).

As noted above, the Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. Pro. 26(b)(1). The LocoCam data disk is clearly relevant to the claim at issue in this case—indeed, the parties agree that the data disk is subject to discovery. However, while the federal rules mandate a broad, permissive scope of discovery, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Indeed, the Supreme Court has explained:

> In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied. Likewise, discovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discovery.

*Oppenheimer Fund*, 437 U.S. at 353, n. 17 (citations omitted). Thus, courts are authorized to limit the scope of discovery, as necessary, to prevent an abuse of the discovery process.

Plaintiff has indicated his intent to share the information from the LocoCam data disk with individuals not involved in the present litigation, explaining in his brief:

> A corporation has no right to privacy. . . . The interest of the public in having access to data and video revealing the actions of the Defendant CSXT in operating its trains in the community must also be considered by

7

the court, regardless of any showing of "good cause." . . . The defendant seeks to limit the sharing of data and information by Plaintiff with other similarly situated parties. Such restrictions run counter to efforts to streamline discovery and conserve judicial resources.

(ECF No. 16 at 3). Plaintiff further asserts that Defendant "has undertaken a deliberate and consistent practice of attempting to restrict access to non-privileged data and information to limit public knowledge of its actions." (*Id.* at 4).[3] Defendant argues that the LocoCam data disk contains information that is relevant only to this case and should not be used to develop other litigation or to publicly embarrass the Defendant. (*See* ECF No. 17 at 9). The Court agrees. The LocoCam data disk is highly relevant to the claims and defenses in this case, and Plaintiff must be given complete access to the video and data contained on that disk. However, Plaintiff will not be permitted to have unrestricted use of that information for purposes not related to the instant litigation. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984) (holding a court may issue a protective order

---

[3] Plaintiff cites two district court decisions to support his assertion that "[t]he 'LocoCam' issue has been addressed by various courts throughout the country." (ECF No. 16 at 4). While these cases clearly show that the "LocoCam issue" has been addressed by other courts, those courts—in the orders cited by Plaintiff—impose restrictions on the use of the LocoCam data disk much like the protective order that Defendant now seeks to invoke in this case. *See, Tania R. Donahoo v. CSX Tranportation*, No. 4:12-cv-104-JHM (W.D. Ky. Aug. 14, 2013) ("Defendant should make provision for Plaintiffs' access to the video . . . to be used by Plaintiffs for that purpose alone and to be returned after completion of litigation . . ."); *Christopher Gary Swoope v. CSX Transportation, Inc.*, No. 4:13-cv-307-HLM (N.D. Ga. Aug. 13, 2014) (granting Plaintiff's motion to compel the production of the LocoCam data disk, but warning that the "Court must trust that Plaintiff's counsel . . . will not act recklessly with information gained through litigation discovery"). Other courts that have considered the issue of producing LocoCam data disks have uniformly held that LocoCam data disks are subject to discovery. *See, e.g., Pero v. Norfolk S. Ry., Co.*, No. 3:14-cv-16-PLR-CCS, 2014 WL 6772619, at *4 (E.D. Tenn. Dec. 1, 2014). Nevertheless, these courts have not provided plaintiffs with unrestricted access to the LocoCam data disks, but instead have permitted appropriately fashioned protections for the disclosure of the LocoCam data. *See, e.g., Bennett v. CSX Transp., Inc.*, No. 5:10-cv-00493-BO, 2011 WL 4527430, at *10 (E.D. N.C. Sept. 26, 2011).

restricting the dissemination of materials gathered in discovery on a showing of good cause without offending the First Amendment); *Scott v. Monsanto Co.*, 868 F. 2d 786, 792 (5th Cir. 1989) (explaining that plaintiffs were free to use discovery materials in the development of their case and that the protective order merely restricted use of those materials to the present litigation, and thus, "[a]lthough plaintiffs claim harm from the inability to share and compare information with other litigants in other cases, no prejudice has been shown sufficient to overcome the district court's broad discretion" to enter a protective order). To be clear, the issue here is not whether discovery should be prohibited, but merely whether the use of the discovered information should be limited in that dissemination to individuals not involved in the present litigation should be prevented. Upon a review of the applicable rules of procedure, the relevant case law, and the parties' arguments, the Court finds that the information collected from the LocoCam data disk should be limited to use in the instant litigation.

Accordingly, the Court will grant in part and deny in part Plaintiff's motion to compel. The Court grants the motion to the extent that Defendant is directed to provide a copy of the LocoCam data disk to Plaintiff, subject to the following restrictions: the video and data on the LocoCam data disk is to be used solely for the instant litigation; the information from the LocoCam disk is not to be disseminated to individuals not involved in this case; and Plaintiff shall return all copies of the data disk to Defendant at the conclusion of this litigation. The parties may memorialize these restrictions in a confidentiality agreement, if they so choose. Finally, Defendant shall provide Plaintiff with a copy of the LocoCam data disk within 21 days of the date of the Court's order.

9

### B. Defendant's Motion for Protective Order

Defendant has filed a motion (ECF No. 18) for a protective order regarding depositions of Defendant's employees. Defendant contends that Plaintiff's counsel intends to take depositions of various employees of Defendant and will record the depositions using audio, visual, and stenographic recordings. (*Id.* ¶¶ 5, 7). Specifically, Plaintiff wishes to depose the train engineer, Richard A. Spicola, conductors, Jared A. Rhoads and Jack Churby, who were on board the train at the time of the accident, and Royce Caphart, a CSX Transportation agent who investigated the accident on behalf of Defendant. (ECF No. 19 at 3). In response to Plaintiff's request for video depositions, Defendant asked Plaintiff to enter into a protective order limiting the use of those depositions. (ECF No. 18 ¶ 8). Defendant contends that it does not object to Plaintiff taking video recordings of the depositions, but wishes only to protect itself from having such recordings improperly used and disseminated. (*Id.* ¶ 9). However, the parties have not been able to reach an agreement concerning a protective order or stipulation. (*Id.* ¶ 10). Thus, Defendant now asks this Court to enter a protective order that would preclude the use of the video depositions for any other purpose outside of the instant litigation. (*Id.* ¶¶ 12, 30).

As a starting point, the Court notes that Rule 30(b)(3) provides that "[u]nless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means." Fed. R. Civ. P. 30(b)(3). This rule permits "videotaped depositions as a matter of routine in recognition of the fact that videotapes are a means of presenting deposition testimony to juries that is superior to readings from cold, printed records." *Paisley Park*

*Enterprises, Inc. v. Uptown Prods.*, 54 F. Supp. 2d 347, 349 (S.D. N.Y. 1999); *see also Weiss v. Wayes*, 132 F.R.D. 152, 154 (M.D. Pa. 1990). Nevertheless, courts have cautioned that the rule permitting videotaped depositions "was not intended to be a vehicle for generating content for broadcast and other media." *Paisley Park Enterprises*, 54 F. Supp. 2d at 349.

The Court previously set forth the relevant rules and case law governing the issuance of a protective order. Defendant has met its burden of showing good cause, as Defendant has demonstrated that disclosure of the depositions will cause a clearly defined and serious injury. Defendant argues that "CSXT does not wish to see videos and transcripts of its employees appear in media outlets, uploaded to the internet, or displayed at conferences or on other distribution systems." (ECF No. 18 ¶ 39). Defendant contends that, if information from the depositions is disclosed to the public, then employees of the Defendant would be subject to annoyance, embarrassment, and oppression. (*Id.* ¶ 34). Likewise, Defendant asserts that altered images from the video depositions could be used "for purposes harmful to CSXT's employees as well as CSXT's business interests" (*id.* ¶ 40) and "for sensationalism or to taint the jury pool" (*id.* ¶ 42). Defendant identifies a number of reasons to support "questioning Plaintiff's motives." (*Id.* ¶ 39), including that "Plaintiff's counsel objects to limiting use of the Video Depositions," and that Plaintiff has indicated his intent to share information with other litigants in other cases to "streamline discovery." (*Id.* ¶ 44).

The Court finds that Defendant has demonstrated good cause and will briefly address the factors applied in this circuit. *See Glenmede Trust Co.*, 56 F. 3d at 483; *Pansy*, 23 F. 3d at 787–91. First, the Court may consider whether the information being sought is for

a legitimate purpose or improper purpose.  Defendant concedes that the depositions of Defendant's employees are relevant to litigating the claims in this case, thus the depositions are being taken for a legitimate purpose.  However, any intent by Plaintiff to disseminate recordings of the depositions to other individuals not involved in this litigation in order to combat Defendant's "policy of secrecy to deny the public and appropriate authorities knowledge of the complete facts surrounding the numerous collisions that occur involving its trains" (ECF No. 19 at 7) is not a proper purpose for discovery.  Thus, this factor weighs in favor of Defendant's requested protective order.

Second, Defendant asserts that disclosure of the information could cause Defendant embarrassment.  Plaintiff has suggested that he should be permitted to "share[] knowledge and information about crossing collisions with any of the hundreds of people involved in train collisions, . . . share through continuing legal education or collaboration with other counsel representing such persons." (ECF No. 19 at 7).  Likewise, Plaintiff stated that he should be permitted to combat the "public image campaign" concerning safety that CSX Transportation has waged in the public sphere.  (*Id.*). Accordingly, based on these concessions by Plaintiff, the Court finds that disclosure of the recorded depositions of Defendant's employees may be used to embarrass Defendant, thus weighing in favor of a protective order.

A third factor involves whether the confidentiality order is being sought over information important to public health or safety.  On this point, Plaintiff argues that "CSXT seeks to perpetuate a policy of secrecy to deny the public and appropriate authorities knowledge of the complete facts surrounding the numerous collisions that

12

occur involving its trains." (ECF No. 19 at 7). The Court finds this argument unavailing as the train accident involved in this case does not implicate significant public policy concerns to justify exposing the discovery materials collected in this case to widespread dissemination of them to the public. Plaintiff asserts that Defendant should not be "compelled to waive his First Amendment rights, nor the public's right to know the truth through access to the records, videos and information" at issue in the present motion. (*Id.* at 5). However, Plaintiff's desire to use the deposition testimony in this case to build other cases or to present continuing legal education courses is not the type of public health and safety concerns for which information should be made public. Plaintiff simply does not have a First Amendment right to use materials gathered during discovery in the manner proposed by Plaintiff's counsel. Similarly, the Defendant in this case is a private corporation, and not a public entity or official, thus weighing in favor of a protective order.

Finally, the Court notes that, as before, Defendant does not object to Plaintiff seeking the subject discovery. Defendant agrees that Plaintiff should be permitted to depose Defendant's employees and to record those depositions. Instead, Defendant simply objects to the improper use of that recorded deposition testimony and seeks to limit dissemination of those recordings to individuals and sources not involved in this litigation.

Having weighed the factors identified by the Third Circuit to evaluate whether good cause exists for a protective order, the Court finds that Defendant has met its burden. The Court finds that good cause exists to issue a protective order limiting the

dissemination of the recorded depositions of Defendant's employees. Specifically, the recordings of the depositions shall be used solely for the purpose of the instant litigation and shall not be disseminated to individuals or sources not involved in the present litigation.

**VI.**    **Conclusion**

For the reasons set forth above, Plaintiff's motion to compel is granted in part and denied in part, and Defendant's motion for protective order is granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN LOPEZ, | ) | CIVIL ACTION NO. 3:14-257 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 16th day of June 2015, for the reasons set forth in the foregoing memorandum opinion, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's motion (ECF No. 15) to compel disclosure of the LocoCam Video is **GRANTED in part** and **DENIED in part**. Plaintiff's motion is granted to the extent that Defendants shall provide a copy of the LocoCam data disk to Plaintiff within 21 days of the date of this order, subject to the following limitations:

    a. the video and data on the LocoCam data disk shall be used solely for purposes of this litigation;

    b. the information contained on the LocoCam data disk shall not be disseminated or disclosed to any individual or source not related to this case; and

    c. Plaintiff shall return all copies of the LocoCam data disk to Defendant at the conclusion of this litigation.

2. Defendant's motion (ECF No. 18) for protective order concerning the recorded depositions of Defendant's employees is **GRANTED**. The recordings of the depositions shall be used solely for the purpose of the instant litigation, and Plaintiff shall not disseminate the recordings to any individual or source not

involved in the present litigation. **IT IS FURTHER ORDERED** that the depositions shall be governed by the following terms and limitations:

a. The audio and video recordings, as well as the written transcripts of the depositions, shall be designated as confidential, and their content shall be used solely for the purpose of the instant litigation as set forth herein.

b. If the written testimony, audio recordings, or video recordings of the depositions are reproduced in any form or manner, each copy or portion of a copy shall be numbered, and CSXT shall be notified of the number of copies made.

c. The written testimony, audio recordings, or video recordings of the depositions, including but not limited to any images contained in the recordings whether still frame or moving, may not be disclosed to persons other than the Court and its personnel, the parties, their counsel of record, litigation support personnel, and experts, and with regard to their experts, only to the extent necessary and relevant to the topic on which the expert is consulted.

d. The parties, their attorneys, and all experts to whom the written testimony, audio recordings, or video recordings of the depositions are disclosed, shall, before obtaining access thereto, be shown and read a copy of this protective order and shall agree to be bound by the terms hereof.

e. The written testimony, audio recordings, or video recordings of the depositions shall not be used by or under the authority of any person or party receiving the same for any business purpose, competitive purpose or any other purpose, and shall be used for purposes of this litigation only and shall not be released to any other person, attorney, media outlet or expert for use in any other litigation or for any other reason.

f. The written testimony, audio recordings, or video recordings of the Depositions shall not be released or shown to any individual or entity other than those outlined herein, including a prohibition against disclosure to any media outlet, internet website, or social media websites and networks.

g. Upon final determination or resolution of this action, the written testimony, audio recordings, or video recordings captured of the Depositions shall be promptly returned to counsel for CSXT.

**BY THE COURT:**

_____
**KIM R. GIBSON
UNITED STATES DISTRICT JUDGE**