IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:14-CV-257 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Defendant's Motion for Reconsideration of the Denial of Summary

Judgment as to Punitive Damages Based on Newly-Decided Authorities ("Motion for

Reconsideration"). (ECF No. 64.) The issues have been fully briefed (*see* ECF Nos. 65, 66) and the

Motion is ripe for disposition. For the reasons that follow, Defendant's motion will be **DENIED.**

### II. Jurisdiction

The Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C.

§1332 and 28 U.S.C. § 1441. Venue is proper pursuant to 28 U.S.C. § 1391.

### III. Background

This case arises from injuries that Plaintiff suffered when he was struck by a train

operated by Defendant at a public grade crossing. On September 13, 2017, this Court published

a memorandum opinion and accompanying order granting Defendant's Motion for Summary

Judgment on Plaintiff's claims that Defendant (1) negligently exceeded the speed limit, (2)

negligently failed to have adequate pedestrian warnings, (3) negligently designed and

maintained the crossing, and (4) negligently failed to issue adequate audible warnings. The

Court denied Defendant's motion for summary judgment on (1) Plaintiff's claim for negligent

operation of the train and (2) Plaintiff's claim for punitive damages. *See Lopez v. CSX*

*Transportation, Inc.*, No. 3:14-CV-257, 2017 WL 4063931, at *13 (W.D. Pa. Sept. 13, 2017).

Defendant now asks this Court to reconsider its denial of summary judgment on

Plaintiff's punitive damages claim. (*See* ECF No. 64; ECF No. 65.)[1]

## IV.    Legal Standard

"A motion for reconsideration is a limited vehicle used 'to correct manifest errors of law

or fact or to present newly discovered evidence.'" *Jackson v. City of Philadelphia*, 535 F. App'x 64,

69 (3d Cir. 2013) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677

(3d Cir.1999)). "Accordingly, a judgment may be altered or amended if the party seeking

reconsideration shows at least one of the following grounds: (1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when the court

granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact

or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837,

848–49 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677) (internal quotation marks

omitted).

"Motions for reconsideration are not designed to provide litigants with a 'second bite at

the apple.'" *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL

432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220,

---

[1] Defendant does not move for this Court to reconsider the denial of summary judgment on Plaintiff's
negligent handling claim. (*See* ECF No. 65 at 1.)

1231 (3d Cir. 1995)). "A motion for reconsideration is not to be used to relitigate, or 'rehash,'

issues the court already decided, or to ask a district court to rethink a decision it, rightly or

wrongly, already made." *Cole's Wexford Hotel*, WL 432947, at *2 (citing *Williams v. City of

Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998)). "By reason of the interest in finality, at least

at the district court level, motions for reconsideration should be sparingly granted." *Cole's

Wexford Hotel*, WL 432947, at *1.

## V. Discussion

Defendant contends that an intervening change in controlling law mandates that this

Court grant summary judgment in favor of Defendant on Plaintiff's punitive damages claim.

(*See* ECF No. 65 at 3.) Defendant relies on two recent cases: (1) *Marsh v. Norfolk S., Inc.*, 243 F.

Supp. 3d 557 (M.D. Pa. 2017); and (2) *In re Paulsboro Derailment Cases*, 2017 WL 3700902 (3d Cir.

Aug. 28, 2017). As explained below, these cases have not changed controlling the law on

punitive damages. Accordingly, the Court will deny Defendant's Motion.

### A. Defendant's Reliance on *Marsh* Is Misplaced

Defendant inappropriately cites *Marsh* to support its assertion that this Court should

grant Defendant's Motion for Reconsideration. *Marsh* was decided on March 20, 2017,

approximately six months *before* this Court entered its memorandum opinion and order

regarding summary judgment in this case. In fact, this Court cited *Marsh* several times in its

memorandum opinion. *See Lopez*, 2017 WL 4063931, at *4, *12, *13. Furthermore, *Marsh* is not

controlling on this Court because it was decided by the Middle District of Pennsylvania. Thus,

3

*Marsh* cannot constitute an "intervening change in the controlling law." Accordingly, *Marsh* does not advance Defendant's Motion for Reconsideration.[2]

### B. Defendant's Reliance on *In re Paulsboro* is Misguided

Defendant's reliance on *In re Paulsboro* is similarly inappropriate. *In re Paulsboro* was decided on August 28, 2017, two weeks *before* this Court entered its decision on summary judgment in this case. Thus, *In re Paulsboro* is not an "intervening change in controlling law." Accordingly, *In re Paulsboro* does not advance Defendant's Motion for Reconsideration.

Additionally, *In re Paulsboro* does not apply here. Defendant notes that in *In Re Paulsboro*, the Third Circuit stated that "[p]unitive damages are unavailable in *a situation like this*, where a defendant knows of a potentially hazardous situation and unsuccessfully takes steps to remedy the situation." *In re Paulsboro*, 2017 WL 3700902, at *8 (emphasis added). This holding is clearly qualified by the type of factual "situation" that the Third Circuit was presented with in *In re Paulsboro*. As explained below, *In re Paulsboro* and this case are sufficiently dissimilar to render any analogy between the cases inappropriate.

In *In re Paulsboro*, the plaintiff sued the owner of a bridge after a train derailed on the bridge and leaked toxic fumes which injured first responders and nearby residents. *Id.* at 1-2.

---

[2] Defendant's reliance on *Marsh* is unpersuasive for another reason. As Plaintiff correctly notes, *Marsh* is a trespasser case. *See Marsh*, 243 F.Supp.3d 563-64. In Pennsylvania "the standard of care a property owner owes to a person who enters upon his land depends on whether that individual is a trespasser, invitee, or licensee." *Barr v. Consolidated Rail Corp.*, 1999 WL 554598, at *3 (E.D. Pa. 1999). "[A] person walking along or upon the tracks, *except at crossings*, is a trespasser." *Id.* (citing *Antonas v. Lyford*, 144 F.2d 763, 764 (3d Cir. 1944)) (emphasis added). Unlike the plaintiff in *Marsh*, Plaintiff was struck at a public crossing and was not a trespasser. In granting the summary judgment, this Court explained, in detail, that Defendant's duty to Plaintiff existed the moment Plaintiff was placed in a position of peril. *Lopez*, 2017 WL 4063931, at *4-6. Because the duties owed to trespassers are different from those owed to the general public, and because Plaintiff was not a trespasser, Defendant's reliance on *Marsh*—a trespasser case—is misguided.

Unlike this case, *In re Paulsboro* did not involve a collision between a person and a moving train at a public crossing. Moreover, the plaintiffs in *Paulsboro* sued the owner of the bridge on which the train derailed, not the operator of the train. *Id.* at 1. In fact, *Paulsboro* did not even involve a negligent train operation claim. Accordingly, this case and *Paulsboro* are factually dissimilar to such a great extent that any analogy between the cases is misplaced.

Furthermore, *In re Paulsboro* is also inapposite because the plaintiff's allegations in that case were insufficient as a matter of law to allow a reasonable juror to conclude that punitive damages were warranted. In *In re Paulsboro*, the Third Circuit explained that the plaintiff merely alleged that the defendant knew of an existing problem with the bridge signal and failed to resolve the problem or take the bridge out of service. *Id.* As the Third Circuit explained, the plaintiff's claim merely sounded in negligence and did not warrant punitive damages because the plaintiff's "allegations . . . did not show intentional, malicious conduct, nor did her allegations set forth acts or omissions undertaken 'with knowledge of a high degree of probability of harm.'" *Id.* at 8.

While it is a close call, a reasonable juror could conclude that punitive damages are warranted in this case. As this Court stated in its memorandum opinion, under Pennsylvania law, "a duty to attempt to stop or slow a train arises when someone is in a 'position of peril.'" *Lopez*, 2017 WL 4063931, at *4 (citing *Manfred v. Nat'l R.R. Passenger Corp.*, 106 F. Supp. 3d 678, 686 (W.D. Pa. 2015); *Marsh v. Norfolk S., Inc.*, 243 F. Supp. 3d 557, ——, 2017 WL 1049084, at *7 (M.D. Pa. 2017); *Alvin J. Barr, Inc. v. Consol. Rail Corp.*, No. 98 CV 5048, 1999 WL 554598, at *4 (E.D. Pa. 1999)). Moreover, as the Court previously explained, "[b]ased on the facts before it, this Court is unable to determine, as a matter of law, when Plaintiff was placed in a position of

5

peril." *Lopez*, 2017 WL 4063931, at *6. In the section of the opinion discussing punitive damages, the Court explained:

> As noted above, the jury must determine when Plaintiff was in a position of peril, and whether Defendant satisfied its duty to take emergency measures once Plaintiff was placed in a perilous position. If the jury finds that Defendant failed to satisfy its duty, the jury must also determine whether Mr. Rhodes and Mr. Chubby subjectively appreciated Plaintiff's perilous position and consciously disregarded that risk.
>
> Viewing the facts in the light most favorable to the Plaintiff, this Court finds that a reasonable juror could find that Mr. Rhodes and Mr. Chubby had a subjective appreciation of Plaintiff's perilous position, and failed to act in conscious disregard of that risks. Therefore, there is a genuine issue of material fact as to whether punitive damages are warranted on this issue.

*Lopez*, 2017 WL 4063931, at *13. As explained above, a reasonable juror could conclude that punitive damages are warranted. Accordingly, summary judgment in favor of defendant is inappropriate on Plaintiff's punitive damages claim.

## IV.    Conclusion

For the reasons stated above, this Court will **DENY** Defendant's Motion for Reconsideration. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN LOPEZ, )
)
        Plaintiff, )    CIVIL ACTION NO. 3:14-CV-257
)
v. )    JUDGE KIM R. GIBSON
)
CSX TRANSPORTATION, )
)
)
        Defendant. )

## ORDER

AND NOW, this ⁷ᵗʰ day of December, 2017, upon consideration of the Motion for

Reconsideration filed by Defendant (ECF No. 64), and in accordance with the accompanying

memorandum opinion, **IT IS HEREBY ORDERED** that the Motion for Reconsideration is

**DENIED.**

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE