IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN LOPEZ, by his cousin and duly appointed guardian ad litem, RAMONA ILARRAVA, <br><br> Plaintiff, <br><br> v. <br><br> CSX TRANSPORTATION, INC., <br><br> Defendant. | Case No. 3:14-cv-257 <br><br> JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION

This case arises from personal injuries suffered by Plaintiff Jonathan Lopez, by his cousin and duly appointed guardian ad litem, Ramona Ilarrava, when Lopez was hit by Defendant CSX Transportation, Inc.'s ("CSXT") train. Pending before the Court are the following three motions in limine filed by CSXT (each of which is accompanied by a brief in support) to:

1. Exclude Evidence that the Train Crew Breached a Duty of Care Owed to the Plaintiff (ECF Nos. 277, 278);

2. Exclude Plaintiff Jonathan Lopez's Deposition Testimony (ECF Nos. 279, 280); and

3. Exclude any Testimony that Plaintiff Jonathan Lopez's Erratic Behavior/Statements Were Caused by any Injury Sustained in the January 18, 2013 Train Incident (ECF Nos. 281, 282).

Plaintiff has responded to Defendant's motions (ECF Nos. 297, 299, 301) and filed briefs in opposition to Defendant's motions. (ECF Nos. 298, 300, 302).

In addition to the motions in limine filed by CSXT, pending before the Court are the following two motions in limine filed by Lopez (each of which is accompanied by a brief in support) to:

4. Exclude Evidence Regarding Jonathan Lopez's Erratic Behavior, Statements, Social Media Posts, Emails, Filings, and Similar Evidence (ECF Nos. 285, 286); and

5. Exclude Evidence and/or Testimony Regarding the Appointment, Qualification and/or Actions of the *Guardian Ad Litem* (ECF Nos. 287, 288).

Defendant has responded to Plaintiff's motions (ECF Nos. 293, 295) and filed briefs in opposition to Plaintiff's motions. (ECF Nos. 294, 296). The motions are ripe for disposition.

For the following reasons, the Court:

1. **DENIES** Defendant's Motion to Exclude Evidence that the Train Crew Breached a Duty of Care Owed to the Plaintiff (ECF Nos. 277, 278);

2. **DENIES** Defendant's Motion to Exclude Plaintiff Jonathan Lopez's Deposition Testimony (ECF Nos. 279, 280);

3. **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Exclude any Testimony that Plaintiff Jonathan Lopez's Erratic Behavior/Statements Were Caused by any Injury Sustained in the January 18, 2013 Train Incident (ECF Nos. 281, 282).

4. **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Exclude Evidence Regarding Jonathan Lopez's Erratic Behavior, Statements, Social Media Posts, Emails, Filings, and Similar Evidence (ECF Nos. 285, 286); and

    5. **GRANTS** Plaintiff's Motion to Exclude Evidence and/or Testimony Regarding the Appointment, Qualification and/or Actions of the *Guardian Ad Litem* (ECF Nos. 287, 288).

## II. Background[1]

CSXT filed its motions in limine on August 2, 2021 (ECF Nos. 277-282). Lopez[2] filed responses and briefs in opposition to CSXT's motions on August 9, 2021. (ECF Nos. 297-302). Lopez filed motions in limine on August 2, 2021 (ECF Nos.285-288). CSXT filed responses and briefs in opposition to Lopez's motions on August 9, 2021. (ECF Nos. 293-296).

## III. Legal Standard

### A. Relevance

Under Rule 402 of the Federal Rules of Evidence, relevant evidence is admissible unless the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Rule 401 does not set a high standard for admissibility. *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 109–10 (3d Cir. 1999). The Third Circuit has explained:

> [R]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Because the rule makes evidence relevant if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has *no tendency* to prove the fact.

---

[1] A detailed description of the factual background of this case can be found in the Court's Memorandum Opinion Granting in Part and Denying in Part Summary Judgment. (ECF No. 63)
[2] All of the responses were filed by Lopez's guardian ad litem.

*Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992) (citations and internal quotation marks omitted) (emphasis in original).

Under Rule 403, relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 mandates a balancing test, "requiring sensitivity on the part of the trial court to the subtleties of the particular situation." *United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir. 2010). Importantly, "'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" *Carter v. Hewitt*, 617 F.2d 961, 972 n.14 (3d Cir. 1980). "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *McBride v. Petulla*, No. 3:16-cv-256, 2020 WL 1032535, at *1 (W.D. Pa. Mar. 3, 2020) (quoting Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules).

III. **Discussion**

   1. **The Court Denies Defendant's Motion to Exclude Evidence that the Train Crew Breached a Duty of Care Owed to the Plaintiff**

CSXT asserts that the Court should exclude evidence that the train crew breached a duty of care owed to Lopez because such evidence is irrelevant, and any probative value is substantially outweighed by the danger of unfair prejudice to CSXT. (ECF No. 278 at 4). Citing the "occupied crossing rule," CSXT argues that any duty of care it owed Lopez, "shifted [from CSXT] to Mr. Lopez" to stop for the train because the train occupied the crossing at the time of the collision. (*Id.* at 2). In response, Lopez argues (i) that CSXT waived the "occupied crossing

rule" defense by failing to raise it earlier in this litigation, (ii) that the "occupied crossing rule" addresses only the duty to warn and is not relevant to Lopez's surviving claims, and (iii) that the "occupied crossing rule" is not applicable to the facts of this case. (ECF Nos. 299, 300).

CSXT's motion to exclude evidence that the train crew breached a duty of care owed to Lopez is denied on legal, factual, and procedural grounds. First, the "occupied crossing rule," as a legal standard, is not applicable to this case. The "occupied crossing rule" stands for the general proposition that when a train occupies a crossing, the train's duty to warn is substantially diminished because "an object as large as a freight car is, of itself, sufficient notice of its presence to warn any person using the [crossway] with ordinary care." *Krentz v. Consolidated Rail Corp.*, 910 A.2d 20, 27 (Pa. 2006) (quoting *Cella v. Pennsylvania R. Co.*, 70 A.2d 638, 640 (Pa. 1950)). A defendant may raise the "occupied crossing rule" as an affirmative defense that it did not breach its duty to warn. *Krentz*, 910 A.2d 20 at 27-29 (citing *Sprenkel v. Consolidated Rail Corp.*, 666 A.2d 1099, 1101 (Pa. Super. Ct. 1995) (stating that "the [occupied crossing] rule provides that a railroad whose train is actually on and moving over a crossing owes no duty to warn the approaching highway traveler; the mere presence of the train in the crossing in front of the driver is sufficient warning"). The "occupied crossing rule" is not applicable to this case because the Court has already dismissed Lopez's claim that CSXT negligently failed to have adequate pedestrian warnings. (ECF No. 63). The "occupied crossing rule" is not relevant to Lopez's remaining claim that CSXT operated its train negligently at the time of the collision.

Factually, even if the "occupied crossing rule" were applicable to this case, cases citing the "occupied crossing rule" are not analogous to this case. As stated previously, the "occupied crossing rule" applies when a train is "actually on and moving over a crossing." *Sprenkel*, 666

A.2d 1099 at 1101. *See also Krentz*, 910 A.2d 20 at 24 (the train was "stationary and completely blocking the railroad crossing"), *Hogg v. Bessemer & L.E. R. Co.*, 96 A.2d 879, 881 (Pa. 1953) (the train "had completely occupied the crossing before [a] motorcycle[ist] reached it"), *Wink v. Western Maryland Ry. Co.*, 176 A. 760,760 (Pa. Super. Ct. 1935) (the plaintiff "collided with the thirty-ninth and fortieth cars of a freight train, composed of 96 cars, which was passing over a road crossing"). Unlike "occupied crossing rule" cases where the crossing was completely occupied by a train, in this case, a CSXT conductor testified that that the train was approximately a third to half-way through the when he last spotted Lopez. ECF No. 300-4 at 104. Even if the "occupied crossing rule" legally applied to this case, the fact that the CSXT train did not fully occupy the crossing at the time of the collision with Lopez makes the "occupied crossing rule" inapplicable to this case.

Procedurally, CSXT waived the "occupied crossing rule" defense by failing to raise it in the earlier stages of this litigation. Under Federal Rule of Civil Procedure 8(c)(1) a defendant "must affirmatively state any avoidance or affirmative defense". Fed. R. Civ. P. 8. Similarly, Federal Rule of Procedure 12(b) requires that "every defense to a claim for relief in any pleading *must* be in the responsive pleading." Fed. R. Civ. P. 12. CSXT failed to raise the "occupied crossing rule" defense as required by the Federal Rules of Civil Procedure. Furthermore, CSXT had an opportunity to present the "occupied crossing rule" defense for adjudication at summary judgment and failed do so. (ECF No. 63). CSXT waived the "occupied crossing rule" as a defense by failing to state it as an affirmative defense and by failing to raise it earlier in this litigation.

The Court holds that evidence relating to whether CSXT breached a duty of care owed to Lopez is directly relevant to his remaining claim. The Court also finds that the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice or confusing the

issues to the jury. Defendant's motion to exclude evidence that the train crew breached a duty of care owed to the plaintiff is denied.

### 2. The Court Denies Defendant's Motion to Exclude Plaintiff Jonathan Lopez's Deposition Testimony

CSXT moves to exclude Lopez's deposition testimony arguing he was incompetent to testify at the time his deposition was taken. (ECF No. 280 at 2-5). CSXT contends that Lopez was incompetent at the time his deposition was taken because the Court relied, in part, on evidence that predated Lopez's deposition when finding Lopez to be incompetent. (*Id.*). CSXT also argues that when Lopez was deemed incompetent by the Court, the Court "deemed [Lopez] incompetent for all purposes until, by court order, the status of incompetency is lifted." (*Id.* at 5) (citing *Syno v. Syno*, 594 A.2d 307, 309 (Pa. Super. 1991)).

In general, "every person is competent to be a witness unless the [Federal] [R]ules [of Evidence] provide otherwise. But in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 601. In the Third Circuit, "every witness is presumed competent to testify, Fed. R. Evid. 601, so long as the witness (1) has personal knowledge of the matter, Fed. R. Evid. 602, and (2) gives an oath or affirmation to testify truthfully, Fed. R. Evid. 603." *United States v. Meehan*, 741 F. App'x 864, 874 (3d Cir. 2018).

In his 2015 deposition, Lopez was duly sworn and testified to his personal knowledge of the collision and other surrounding events. (ECF No. 298-1). Further, the vast majority of the factual record the Court relied on when making its determination that Lopez is incompetent

occurred after his 2015 deposition.[3] Additionally, CSXT's assertion that under Pennsylvania law, once Lopez was determined to be incompetent, he should have been deemed incompetent to testify is legally inaccurate. *See Syno v. Syno,* 594 A.2d 307, 309 (Pa. Super. 1991) ("reiterat[ing] that an adjudicated incompetent may be 'competent' to testify") (cited by *Powell v. Symons,* 680 F.3d 301, 308 (3d. Cir. 2012)). Taken together, the Court finds no legal or factual justifications to retroactively find Lopez incompetent at the time he testified in his 2015 deposition.

For the foregoing reasons, the Court finds that Lopez was competent to testify at the time his deposition was taken. Consistent with the Federal Rules of Civil Procedure, Lopez's 2015 deposition is properly admissible under Rule 32(a)(4)(c). Defendant's motion to Exclude Plaintiff Jonathan Lopez's Deposition Testimony is denied.

### 3. The Court Grants in Part and Denies in part Defendant's Motion to Exclude any Testimony that Plaintiff Jonathan Lopez's Erratic Behavior/Statements Were Caused by any Injury Sustained in the January 18, 2013 Train Incident.

CSXT moves to exclude any testimony that Lopez's erratic behavior/statements were caused by any injury sustained in the 2013 train collision because such evidence is irrelevant, and any probative value is substantially outweighed by the danger of unfair prejudice. (ECF No. 282 at 1). CSXT's motion to exclude any testimony of the causation of Lopez's erratic behavior/statements relies, in large part, on its anticipation that Ms. Ilarrava (or others) will testify as non-experts as to what "caused" Lopez's erratic behavior/statements. (ECF No. 282 at 3). CSXT is correct that Ms. Ilarrava is not an expert and cannot clinically diagnose or authoritatively determine what "caused" Lopez's erratic behavior/statements (*Id.*). However, as someone who

---

[3] A detailed description of the facts analyzed in determining Lopez's competency can be found in the Court's Memorandum Opinion Denying Defendant's Motion to Remove Plaintiff's Guardian Ad Litem. (ECF No. 231).

has known Lopez his entire life and has had substantial interactions with him, she is likely the type of person who can provide lay opinion regarding his observable behavior and conduct. *See Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196 (3d Cir. 1995) (listing "manner of conduct" as an example of the types of evidence allowed under Federal Rule of Evidence Rule 701). Lay opinion testimony is admissible only if it is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical or other specialized knowledge. Fed. R. Evid. 701. As a lay witness, Ms. Ilarrava is permitted to testify with respect to her own observations, experiences, and knowledge of the differences in Lopez's erratic behavior/statements from before and after the 2013 collision. However, to the extent testimony is proffered to prove the actual medical, psychological, or physiological causes of Lopez's erratic behavior/statements, a qualified expert's testimony will be required. Therefore, the Court grants in part and denies in part CSXT's motion to exclude "any" evidence that Lopez's erratic behavior/statements were caused by any injury sustained in the 2013 train collision.

4. **The Court Grants in Part and Denies in Part Plaintiff's Motion to Exclude Evidence Regarding Jonathan Lopez's Erratic Behavior, Statements, Social Media Posts, Emails, Filings, and Similar Evidence**

Lopez moves to exclude evidence regarding his erratic behavior, statements, social media posts, emails, filings and other similar evidence because it is irrelevant to the issues in this action and would unduly influence the jury and prejudice Lopez. (ECF No. 286 at 2). Lopez asserts that such evidence is irrelevant because Lopez's competency has already been determined by the Court and is not at issue at this trial (*Id.*). Lopez further argues that such evidence would unduly influence the jury and prejudice Lopez because he believes CSXT will offer evidence of his erratic

-9-

behavior, statements, social media posts, emails, filings, and similar evidence for the purpose of painting Lopez as a "bad man," a "danger," or as "otherwise unlikeable."(*Id.* at 4).

In response, CSXT contends it does not intend to use Lopez's erratic behavior, statements, social media posts, emails, filings, and similar evidence for the purpose of re-litigating Lopez's competence nor the circumstances surrounding the appointment of a guardian ad litem. (ECF No. 294 at 1). Rather, CSXT argues that such evidence is directly relevant to Lopez's claimed damages as well as for the purposes of cross-examination. (*Id.* at 1-4).

The Court finds that any evidence regarding Lopez's erratic behavior, statements, social media posts, emails, filings, and other similar evidence used for the purpose of re-litigating Lopez's incompetence is not admissible. The Court has made its determination and will not allow the parties to re-litigate whether Lopez is incompetent under Federal Rule of Civil Procedure 17(c). Any evidence regarding whether Lopez is incompetent under Rule 17(c) is not relevant and any probative value that it might have is substantially outweighed by the danger of confusing the issues, misleading the jury, prejudicing Lopez, and wasting time.

However, evidence of Lopez's erratic behavior, statements, social media posts, emails, filings and other similar evidence may be admissible for another purpose if the evidence is relevant and its probative value if not substantially outweighed by a danger of unfair prejudice. Therefore, the Court grants in part and denies in part Lopez's motion to exclude evidence regarding Jonathan Lopez's erratic behavior, statements, social media posts, emails, filings, and similar evidence.

> 5. **The Court Grant's Plaintiff's Motion to Exclude Evidence and/or Testimony Regarding the Appointment, Qualification and/or Actions of the *Guardian Ad Litem*.**

Lopez moves to exclude any evidence and/or testimony regarding the appointment, qualification, and/or actions of the guardian ad litem because such evidence is irrelevant, lacks any probative value, and is unduly prejudicial to Lopez. (ECF 288 at 2). Lopez contends that such evidence and/or testimony is irrelevant because the issue of Lopez's competence, and the circumstances surrounding the appointment, qualifications, and/or actions of the guardian ad litem, are not relevant to the issues being tried (*Id.* at 3). Lopez further argues that the evidence and/or testimony regarding the appointment, qualifications, and/or actions of the guardian ad litem will be unduly prejudicial to Lopez because it will unduly influence the jury's verdict against Lopez, his counsel, the guardian ad litem, and even the Court. (*Id.* at 4). CSXT responds that such evidence is relevant for cross-examination of the guardian ad litem to rebut testimony that (i) the guardian ad litem was appointed because she has a close relationship to Lopez and (ii) the guardian ad litem is acting in the best interest of Lopez. (ECF No. 296 at 1).

Any evidence and/or testimony regarding the appointment, qualification and/or actions of the guardian ad litem are irrelevant to the issues being tried in this case. The Court has made its decision to appoint Ms. Ilarrava as Lopez's guardian ad litem and will not allow the parties to litigate her appointment, qualifications and/or actions at trial. The jury will be informed by the Court that Ms. Ilarrava is Lopez's guardian ad litem, as she is a party to this litigation. The Court will also inform the jury that the Court appointed her as Lopez's guardian ad litem after finding him incompetent with respect to this case.

The Court grants Lopez's motion to exclude evidence and/or testimony regarding the appointment, qualification and/or actions of the guardian ad litem.

IV.  Conclusion

For the forgoing reasons, the Court:

1. **DENIES** Defendant's Motion to Exclude Evidence that the Train Crew Breached a Duty of Care Owed to the Plaintiff (ECF Nos. 277, 278);

2. **DENIES** Defendant's Motion to Exclude Plaintiff Jonathan Lopez's Deposition Testimony (ECF Nos. 279, 280);

3. **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Exclude any Testimony that Plaintiff Jonathan Lopez's Erratic Behavior/Statements Were Caused by any Injury Sustained in the January 18, 2013 Train Incident (ECF Nos. 281, 282).

4. **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion Exclude Evidence Regarding Jonathan Lopez's Erratic Behavior, Statements, Social Media Posts, Emails, Filings, and Similar Evidence (ECF Nos. 285, 286); and

5. **GRANTS** Plaintiffs Motion to Exclude Evidence and/or Testimony Regarding the Appointment, Qualification and/or Actions of the *Guardian Ad Litem*.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN LOPEZ, by his cousin and duly appointed guardian ad litem, RAMONA ILARRAVA ) ) ) ) Plaintiff, ) ) v. ) ) CSX TRANSPORTATION, INC., ) ) Defendant. ) | CIVIL ACTION NO. 3:14-257<br><br>JUDGE KIM R. GIBSON |

### ORDER

AND NOW, this 19th day of August, 2021, upon consideration of Parties' Motions to:

1. Exclude Evidence that the Train Crew Breached a Duty of Care Owed to the Plaintiff (ECF Nos. 277, 278);

2. Exclude Plaintiff Jonathan Lopez's Deposition Testimony (ECF Nos. 279, 280);

3. Exclude any Testimony that Plaintiff Jonathan Lopez's Erratic Behavior/Statements Were Caused by any Injury Sustained in the January 18, 2013 Train Incident (ECF Nos. 281, 282);

4. Exclude Evidence Regarding Jonathan Lopez's Erratic Behavior, Statements, Social Media Posts, Emails, Filings, and Similar Evidence (ECF Nos. 285, 286); and

5. Exclude Evidence and/or Testimony Regarding the Appointment, Qualification and/or Actions of the *Guardian Ad Litem* (ECF Nos. 287, 288).

and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that the Court:

1. **DENIES** Defendant's Motion to Exclude Evidence that the Train Crew Breached a Duty of Care Owed to the Plaintiff (ECF Nos. 277, 278);

2. **DENIES** Defendant's Motion to Exclude Plaintiff Jonathan Lopez's Deposition Testimony (ECF Nos. 279, 280);

3. **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Exclude any Testimony that Plaintiff Jonathan Lopez's Erratic Behavior/Statements Were Caused by any Injury Sustained in the January 18, 2013 Train Incident (ECF Nos. 281, 282).

4. **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion Exclude Evidence Regarding Jonathan Lopez's Erratic Behavior, Statements, Social Media Posts, Emails, Filings, and Similar Evidence (ECF Nos. 285, 286); and

5. **GRANTS** Plaintiff's Motion to Exclude Evidence and/or Testimony Regarding the Appointment, Qualification and/or Actions of the *Guardian Ad Litem* (ECF Nos. 287, 288).

          BY THE COURT:

          _____
          **KIM R. GIBSON**
          **UNITED STATES DISTRICT JUDGE**